IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Terrell Simmons, | Case No. 1:14 CV 2413 |
| Petitioner, | ORDER ADOPTING <u>REPORT AND RECOMMENDATION</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Ernie Moore, | |
| Respondent. | |

## INTRODUCTION

Terrell Simmons, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 asserting two grounds for relief (Doc. 5). The case was referred to Magistrate Judge Kathleen Burke for a Report and Recommendation ("R&R"). The State of Ohio, through Respondent Ernie Moore, filed a Return of Writ (Doc. 12), and Simmons filed a Traverse (Doc. 16). Judge Burke recommended this Court dismiss in part and deny in part the Petition (Doc. 17), and Simmons timely objected (Doc. 21). Accordingly, this Court has reviewed *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981).

## BACKGROUND

As Simmons does not meaningfully object to the R&R's recitation of the facts and procedural history of his case (Doc. 17 at 2–6), this Court adopts them by reference.

In brief: An Ohio jury found Simmons guilty of rape and kidnaping. He appealed, arguing the trial court erroneously admitted a hearsay statement and the manifest weight of the evidence did not support the verdict. The appeals court affirmed, and the Ohio Supreme Court declined to accept jurisdiction of Simmons' subsequent appeal (*id.* at 4–6).

### DISCUSSION

The Petition raises the same two grounds for relief argued before the Ohio courts (Doc. 5 at 5–6). The R&R recommends this Court (1) dismiss both claims to the extent they are either non-cognizable or procedurally defaulted, and (2) deny them to the extent they lack merit.

In his Objection, which he styles a "Federal Rule of Civil Procedure 15" "supplement" (Doc. 21 at 1), Simmons ignores the R&R's detailed analysis. Instead, he simply recounts the evidence which he believes proves his innocence and shows the "alleged victim crie[d] wolf" (*id.* at 4). By failing to grapple with the R&R in any meaningful way, Simmons arguably waived *de novo* review by this Court. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."). But even under *de novo* review, the Objection provides no persuasive justification to depart from the R&R's accurate analysis.

### CONCLUSION

This Court overrules Simmons' Objection (Doc. 21) and adopts the R&R (Doc. 17). The Petition (Doc. 5) is dismissed in part and denied in part. Further, this Court certifies an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 28, 2016